UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL ANTHONY COCKERHAM, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * Civil Action No. 1:22-cv-11159-ADB |
| AMY BONCHER, | * |
| | * |
| Respondent. | * |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Petitioner Joel Cockerham filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contesting his civil commitment at a federal prison in Massachusetts. [ECF No. 1 at 1 ("Pet." or "Petition")]. Currently before the Court is Respondent Amy Boncher's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted, [ECF No. 9], as well as Petitioner's motion to amend the petition, [ECF No. 35]. For the following reasons, Respondent's motion to dismiss is GRANTED, and Petitioner's motion to amend is DENIED.

I.  BACKGROUND

   A.  **Facts Relevant to Motion to Dismiss**

On July 13, 2006, Petitioner was found not guilty of an obstruction of justice charge by reason of insanity in the Northern District of Mississippi and was committed to a federal medical

facility pursuant to 18 U.S.C. § 4243.  See [Pet. at 1; ECF No. 22-1 at 1; ECF No. 22-3 at 2].[1] On December 14, 2006, he was committed to the Federal Medical Center in Devens, Massachusetts ("FMC Devens").  See [Pet. at 1; ECF No. 22-2 at 1–2].  With the exception of two years spent in a group home from 2008 to 2010, [Pet. at 1], Petitioner has remained committed at FMC Devens since 2006.

On July 18, 2022, Petitioner sought a writ of habeas corpus under 28 U.S.C. § 2241 "to contest the outrageous time [he has been] held on a minor offense and a commitment that is bogus."  [Pet. at 2].  In his Petition, he checked "yes" in response to the question asking whether he was "challenging the validity of [his] conviction or sentence as imposed" under 28 U.S.C. § 2255.  [Id. at 3].  In his request for relief, he states that he "want[s] desperately to sue all parties involved[,] . . . compensation[,] . . . [and his] commitment lifted and a 'nonconditional release' back into society."  [Id. at 7].

Respondent moved to dismiss the Petition on August 30, 2022, arguing that this Court does not have subject matter jurisdiction and that the Petition fails to state a claim on which relief can be granted.  [ECF No. 9].  Petitioner opposed on February 5, 2023, [ECF No. 22], and filed a supplemental opposition on February 8, 2023, [ECF No. 27].  Respondent then filed a reply on February 22, 2023.  [ECF No. 34].

---

[1] "A trial court may take judicial notice of adjudicative facts not subject to reasonable dispute where, inter alia, they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  Watson v. United States, 37 F.4th 22, 28 (1st Cir. 2022) (quoting Fed. R. Evid. 201(b)(2)); see Jones v. Bank of N.Y., 542 F. Supp. 3d 44, 51 n.3 (D. Mass. 2021) ("[A] court may take judicial notice of a 'decision in another court,' but not of 'fact[s] within th[at] decision,' unless of course that fact meets the requirements of Fed. R. Evid. 201(d)." (quoting Lopes v. Riendeau, 177 F. Supp. 3d 634, 666 (D. Mass. 2016))); Smith v. Grondolsky, 299 F. Supp. 3d 287, 290 n.3 (D. Mass. 2018) ("[T]his court can and does take judicial notice of the docket of other courts.").  The Court therefore takes judicial notice of Exhibits A, B, and H attached to Petitioner's opposition to the motion to dismiss.  [ECF No. 22].

### B. Facts Relevant to Motion to Amend

On February 27, 2023, Petitioner moved to amend his Petition pursuant to 28 U.S.C. § 2242 and Federal Rule of Civil Procedure 15(a)(1)(2). [ECF No. 35]. Respondent opposed on February 28, 2023. [ECF No. 37].

In his proposed amended petition, [ECF No. 35-1 ("Am. Pet." or "Amended Petition")], Petitioner "challenges the conditions of his confinement, specifically 'the outrageous time' being held in a prison, which is not the least restrictive alternative, thereby constituting 'excessive incarceration.'" [Id. at 1]. "Stated otherwise," Petitioner alleges, he "challenges the manner of execution of his civil confinement" under 28 U.S.C. § 2241. [Id.]

Petitioner further avers that he has received minimal and largely ineffective treatment at FMC Devens. [Am. Pet. at 3]. With respect to the conditions of his confinement, he states that he is referred to as an "inmate," "reprimanded for the smallest infraction," required to present himself for six counts per day, is subject to "shakedowns" of his living quarters, has "no freedom of movement and no hopes of earning any," cannot wear his own clothes, his mail is opened and inspected, and he is subject to nearly 100 institutional rules for which failure to comply can result in solitary confinement. [Id.]. Moreover, unlike a non-penal hospital, he cannot earn privileges or be "stepped down" to a less restrictive environment. [Id.].

"In his fourteen years at FMC Devens," Petitioner claims that he "has been disciplined four times for minor offenses, [t]here have been no acts of violence[,] [and] [d]espite having shown little propensity for actual physical aggression and despite his vulnerable mental status, [Petitioner] is housed as a prisoner in a penal setting with federal prisoners." [Am. Pet. at 4]. As a result of his confinement, Petitioner claims that he "suffers from 'humiliation and degradation

3

and the possibility of developing PTSD[,]' . . . which also violates his fundamental rights to liberty, privacy, and self-determination, as guaranteed by the Fifth Amendment . . . ." [Id. at 5].

Finally, Petitioner alleges that he has been repeatedly recommended by prison psychologists for "a less restrictive and more therapeutic setting." [Am. Pet. at 3]. For example, "[n]umerous reports indicate that his placement in a group home or inpatient facility within the community would substantially reduce any risk of danger, but the Bureau of Prisons has made inadequate efforts to locate such a facility." [Id. at 4]. The Amended Petition seeks "conditional release to a residential hospital facility." [Id. at 5].

## II. MOTION TO DISMISS

### A. Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must determine whether the facts alleged in the complaint, "taken at face value," support subject matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). The Court must "accept the factual averments of the complaint as true[,] and construe those facts in the light most congenial to [Petitioner's] cause." Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987). "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung." Id. "The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

### B. Analysis

Respondent argues that the Court does not have jurisdiction because the Petition should have been brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241, and a claim under § 2255 must be brought before the sentencing court—here, the Northern District of Mississippi. [ECF No. 9

4

at 1, 3]. In response, Petitioner states that he "is a committed patient, not a prisoner. There is no federal conviction, and no sentence." [ECF No. 22 at 4].

28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." In contrast, § 4243 is a "civil commitment procedure." Shannon v. United States, 512 U.S. 573, 577 (1994). Though the First Circuit has not specifically weighed in on this issue, several other circuits and district courts have found that an individual civilly committed pursuant to 18 U.S.C. § 4243 is not a prisoner in custody under sentence of a court who is eligible for relief under 28 U.S.C. § 2255. See United States v. Tucker, 153 Fed. App'x 173, 175 (4th Cir. 2005) (finding that "Section 2255 is a vehicle for attacking a federal conviction and sentence," and dismissing the § 2255 petition because defendant "received no sentence and was in fact found not guilty, albeit only by reason of insanity"); Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (finding that movant committed pursuant to 18 U.S.C. § 4243 "invoked the proper statute"—§ 2241—"because he was found not guilty by reason of insanity and therefore [was] not eligible for relief under 28 U.S.C. § 2255"); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999) ("Because [defendant] was acquitted, he is not a 'prisoner in custody under sentence,' nor is he challenging a sentence. Therefore, [defendant]'s motion for a discharge hearing and appointment of counsel under 18 U.S.C. § 4247 cannot be construed as a § 2255 motion." (quoting 28 U.S.C. § 2255)); United States v. McCarey, No. 07-cr-00338, 2019 WL 77402, at *3 (D.D.C. Jan. 2, 2019) (holding that because defendant committed pursuant to 18 U.S.C. § 4243 was "likely [] not a 'prisoner in custody under a sentence of a court[,]' . . . she [was] not eligible for relief under 28 U.S.C. § 2255" (quoting 28 U.S.C. § 2255)); id. (collecting cases with similar findings). The

Court agrees that Petitioner here, who was civilly committed pursuant to 18 U.S.C. § 4243, see [Pet. at 1; ECF No. 22-1 at 1; ECF No. 22-3 at 2], is not a "prisoner in custody" within the plain meaning of 28 U.S.C. § 2255.

Though Petitioner cannot bring a claim under § 2255, 18 U.S.C. § 4247(g) provides that "[n]othing contained in section 4243 . . . precludes a person who is committed under [that] section[] from establishing by writ of habeas corpus the illegality of his detention." Thus, Petitioner has a right to bring a claim under 28 U.S.C. § 2241. See Archuleta, 365 F.3d at 648 (finding that movant properly sought "relief under 28 U.S.C. § 2241 . . . because he was found not guilty by reason of insanity and therefore [was] not eligible for relief under 28 U.S.C. § 2255."). The question, then, is whether the Petition under § 2241 is properly before this Court.

Though "28 U.S.C. § 2241(c)(3) authorizes the habeas court to determine whether the petitioner 'is in custody in violation of the Constitution or laws or treaties of the United States,' habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" Archuleta, 365 F.3d at 648 (first quoting 28 U.S.C. § 2241(c)(3); and then quoting Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002) (emphasis removed)). In Archuleta, the Eighth Circuit found that there is another remedy and, in fact, a statute that "expressly provide[s] a procedure" for challenging confinement under 18 U.S.C. § 4243, that is, 18 U.S.C. § 4247(h). Id. Section 4247(h), in turn, provides:

> Regardless of whether the director of the facility in which a person is hospitalized has filed a certificate pursuant to the provisions of . . . subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's hospitalization, file **with the court that ordered the commitment** a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be hospitalized.

Id. at 648–49 (quoting 18 U.S.C. § 4247(h) (emphasis added)).  Thus, the Eight Circuit found that movant must bring his claim under § 4247(h) rather than § 2241 and, as such, that only the court that committed the movant could "grant the statutory relief he seeks, either conditional or unconditional release." Id. at 649.  Other courts have similarly concluded that, where an individual is committed pursuant to § 4243, any request for relief from confinement, including under 28 U.S.C. § 2241, should be brought before the court that committed them.  See Weiler v. Kijakazi, No. 21-cv-11614, 2021 WL 4754767, at *3 (D. Mass. Oct. 12, 2021) ("any request for release from confinement must be filed with the committing court"); Commey v. Grandolsky, 2 F. Supp. 3d 48, 49 (D. Mass. 2014) (transferring habeas petition to court that committed petitioner because "[w]hen a person is committed pursuant to 18 U.S.C. § 4243 and challenges his continued confinement under that statute, he '. . . may, at any time during [the] confinement, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged . . .'" (quoting 18 U.S.C. § 4247(h)) (citing Archuleta, 365 F.3d at 649) (alteration in original) (emphasis removed)); Phelps v. Haas, No. 06-cv-40163, 2007 WL 2827416, at *1 (D. Mass. Sept. 26, 2007) (dismissing habeas petition under § 2241 because "[t]o the extent that [petitioner]'s claim in this petition challenges the basis for the decision to commit him, this claim must be brought in the committing court" (citing 18 U.S.C. § 4247(h))); cf. Timms v. Johns, 627 F.3d 525, 531–33 (4th Cir. 2010) (finding district court should have refused to exercise jurisdiction over a habeas petition where the statutory scheme under which he was committed provided alternative remedies).

      Even viewed in the light most favorable to Petitioner, he is challenging the validity and length of his sentence and seeking release from confinement.  [Pet. at 2 ("contest[ing] the outrageous time [he has been] held on a minor offense and a commitment that is bogus."); id. at

3 ("challenging the validity of [his] conviction or sentence as imposed" under 28 U.S.C. § 2255); id. at 6 (challenging the "[v]alidity of commitment and excessive incarceration"); id. (seeking his "commitment lifted and a 'nonconditional release' back into society")]. Petitioner's request, therefore, must, in the first instance, be brought before the Northern District of Mississippi, and Respondent's motion to dismiss is <u>GRANTED</u>.

**III.     MOTION TO AMEND**

Federal Rule of Civil Procedure 15(a) provides that leave to amend generally should be "freely give[n] . . . when justice so requires." <u>See</u> Fed. R. Civ. P. 15(a). "[E]ven so, [a] district court enjoys significant latitude in deciding whether to grant leave to amend." <u>ACA Fin. Guar. Corp. v. Advest, Inc.</u>, 512 F.3d 46, 55 (1st Cir. 2008). "Reasons for denying leave include . . . futility of amendment." <u>United States ex rel. Gagne v. City of Worcester</u>, 565 F.3d 40, 48 (1st Cir. 2009).

Though the Court is sympathetic to the facts described in the proposed Amended Petition regarding Petitioner's confinement, the proposed Amended Petition ultimately seeks relief from confinement. [ECF No. 35-1 at 5]. As explained above, relief under 28 U.S.C. § 2241 is "an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" <u>Archuleta</u>, 365 F.3d at 648. Here, Petitioner can challenge his confinement under 18 U.S.C. § 4247(h) before the Court that committed him. Moreover, the proposed Amended Petition does not argue that Petitioner has sought and been denied relief under § 4247, or that he is unable to do so.[2] The Court thus finds that the amendment would be futile insofar as it would not change

---

[2] Now, represented by very competent counsel, Petitioner may properly challenge his confinement in the Northern District of Mississippi—likely beginning with a request for a hearing under 18 U.S.C. § 4247(h), in which he highlights the length of his confinement and the repeated recommendations by prison psychologists that Petitioner could be in a less restrictive and more therapeutic setting.

the Court's determination that the Northern District of Mississippi is the proper court to hear Petitioner's claims, and the motion is <u>DENIED</u>.

## IV.  CONCLUSION

Accordingly, the Court <u>GRANTS</u> Respondent's motion to dismiss, [ECF No. 9], and <u>DENIES</u> Petitioner's motion to amend, [ECF No. 35].

**SO ORDERED.**

August 11, 2023 /s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE